**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1126L (Pro Se)
(Filed: February 13, 2017 | Not for Publication)

**FILED**
**FEB 13 2017**
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| KEVIN LEIGH MOORE, ) | Keywords: Pro Se Complaint; Motion to Dismiss; RCFC 12(b)(1); RCFC 12(b)(6); Tucker Act. |
| Plaintiff, ) | |
| v. ) | |
| THE UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

*Kevin Leigh Moore*, Careywood, ID, Plaintiff Pro Se.

*Davene D. Walker*, Trial Attorney, Environment and Natural Resources Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom was *Jeffrey H. Wood*, Acting Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

The pro se plaintiff in this case, Kevin Leigh Moore, filed a complaint in this Court on September 12, 2016. Much of the complaint is handwritten and difficult to read and/or understand. It appears that Mr. Moore seeks damages for unspecified claims related to a "watershed drainage area" and "culvert sizing." Currently before the Court is the government's motion to dismiss the complaint. For the reasons discussed below, the government's motion is **GRANTED** and the complaint is **DISMISSED**.[1]

## BACKGROUND

As noted above, Mr. Moore filed a handwritten complaint whose legal basis is difficult, if not impossible, to discern. In the complaint, he notes that he is suffering from an "ongoing 'nuisance' – impounding/flooding." Compl. at 1, Docket No. 1. Mr. Moore asserts that the "core issue is watershed drainage area/culvert sizing" and that "constitutional law (5th amen [sic] prop. rights) and environmental law(s) – require[] 'remedial action.'" Id. He additionally alleges that a number of "entities" have "abrogat[ed] their due diligence . . . instead of stepping up." Id. Mr.

---

[1] Mr. Moore has filed a motion to proceed in forma pauperis. Docket No. 3. The Court **GRANTS** that motion solely for purposes of dismissing his complaint.

Moore then also indicates that a train derailment in March 2016 due to a "compromised rail bed" is the "latest incident" for which he apparently seeks redress. Id. at 2.

Mr. Moore continues in his complaint by alleging that Bonner County (presumably Bonner County, Idaho) has "broken/violated their sworn oath(s) to/for federal, state, co[unty] laws (guidelines) and to the service of protecting life, liberty, [and] justice, (sacrocont [sic] property rights and environmental integrity)." Id. at 3. He also describes allegations against "IDT," "IDEQ," "IDNR," and the state of Idaho. Id. at 5. Mr. Moore asserts that "[t]hese entities became complicit . . . in 'variance' of 1998 reconstruction of said conveyance mistake of calculation of drainage area." Id. He further alleges that "IDT" allowed construction to occur "without typical permitting." Id. Mr. Moore states as well that a 1998 permit from "COE" was involved in this issue. Id. at 6.

Additionally, Mr. Moore complains of an "inadequate conveyance," in which "COE, IDWR, IDEQ, BC SC, BC RB, BC PZ, FEMA, EPA and others" "each hav[e] their own particular connection." See id. at 7. He also asserts that three "404's" were negligently issued in 1998, which resulted in "undue, unnatural water accumulation," which has led to Mr. Moore "not hav[ing] the reasonable due for the 'enjoying' of [his] own personal property (5th Amend-inverse condemnation/regulatory taking)." Id.

Mr. Moore also attached to the complaint a number of documents and photographs, including state regulations, state permit applications, emails, and maps. See id. at 9–44. On the Form 2 Cover Sheet with his complaint, Mr. Moore indicated that the nature of his suit was for a taking, and he identified the Department of Defense and Environmental Protection Agency as the relevant federal agencies. Docket No. 1-1.

On November 14, 2016, the government filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC).[2] Docket No. 5. Mr. Moore failed to file a response and the Court issued an order to show cause as to why Mr. Moore's claim should not be dismissed for failure to prosecute or to follow the RCFC. Order, Docket No. 6. Mr. Moore did not file a timely response to the order to show cause and the Court initially dismissed Mr. Moore's complaint on January 31, 2017, pursuant to RCFC 41(b). See Order, Docket No. 9. The Court, however, received a belated document from Mr. Moore, which it deemed a response to both the order to show cause and the government's motion. See id. It therefore vacated the original dismissal and entry of judgment and reopened the case to proceed to a decision on the government's motion. See id.

Mr. Moore's response stated that he had been "put on a maintenance schedule" but realized that this was a "lie" and "stonewalling." Pl.'s Response at 1, Docket No. 10. He also asserted that he had presented a "preponderance of evidence" to "numerous entities – including

---

[2] The government's motion also included an alternative request for a more definite statement pursuant to RCFC 12(e). Def.'s Mot. to Dismiss or for a More Definite Statement (Def.'s Mot.) at 1.

COE, EPA, FEMA, etc." Id. He requested unspecified injunctive relief as well as "reparations/restitution." Id.

## DISCUSSION

### I. The Government's Motion to Dismiss Pursuant to RCFC 12(b)(1)

The government has moved to dismiss Mr. Moore's complaint on the grounds that the Court lacks subject matter jurisdiction over it. Def.'s Mot. at 1. In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, if a movant disputes the basis of the Court's jurisdiction, the allegations in the complaint are not controlling and the Court may review evidence extrinsic to the pleadings. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993).

It is well-established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, a plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Therefore, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (stating that a "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

Here, Mr. Moore's concerns appear to be primarily based on actions allegedly taken (or not taken) by the state of Idaho, one of its political subdivisions, and a number of state agencies. See Compl. at 3, 5, 7. All of these claims must be dismissed, as the Court has no jurisdiction over claims against any defendant other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Jiron v. United States, 118 Fed.

Cl. 190, 198–99 (2014) ("It is well settled that the United States is the only proper defendant in the United States Court of Federal Claims." (quotation omitted)).

With respect to the United States as a defendant, it is difficult to identify any claims for money damages from the federal government. While at times Mr. Moore alludes to federal agencies such as FEMA or the EPA, or perhaps the U.S. Army Corps of Engineers, he does not make any allegations that he is entitled to money damages based on any conduct on their part. That is, Mr. Moore fails to identify any substantive source of law creating the right to money damages from the United States for most of the allegations he attempts to make in his complaint. Further, to the extent he is asserting claims for nuisance or negligence, both are tort claims outside the jurisdiction of the Court. 28 U.S.C. § 1491(a); Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . .").

On the other hand, Mr. Moore does at times make passing references to a taking in violation of the Fifth Amendment. See Compl. at 7. The Takings Clause of the Fifth Amendment is a money-mandating source of law for purposes of Tucker Act jurisdiction. Jan's Helicopter Serv., Inc., 525 F.3d at 1309. For the Court to have subject matter jurisdiction over such a claim, however, the allegation must be of a taking of property by the federal government. See id. As discussed below, Mr. Moore does not allege any facts in his complaint to support an uncompensated taking of his property by the federal government. For that reason, the Court lacks subject matter jurisdiction over this claim as well.

Even if, as the government generously interprets the complaint, Mr. Moore is making an allegation that the taking resulted from the issuance of Section 404 permits by the U.S. Army Corps of Engineers, see Def.'s Mot. at 2–4, such a claim would be barred by the statute of limitations, also depriving the Court of subject matter jurisdiction. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The Tucker Act's six-year statute of limitations is jurisdictional in nature. Shoshone Indian Tribe of the Wind River Reservation v. United States, 672 F.3d 1021, 1029 (Fed. Cir. 2012) (citing John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 136–39 (2008)). Mr. Moore alleges that the "404" permits were issued in 1998. Compl. at 7. He also indicates that as far back as 2007 he was contacting the "entities" named in his complaint regarding this "contention." See id. Thus, his complaint, filed September 12, 2016, is barred by the statute of limitations with respect to this alleged taking.

Accordingly, for the reasons discussed above, the Court lacks subject matter jurisdiction over the allegations contained in Mr. Moore's complaint and it must be dismissed pursuant to RCFC 12(b)(1).

## II. The Government's Motion to Dismiss Pursuant to RCFC 12(b)(6)

To the extent Mr. Moore's complaint can be construed as asserting any claims over which this Court has jurisdiction, it must also be dismissed for failing to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the court accepts as true the complaint's undisputed factual allegations

and construes them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court also draws all reasonable inferences in favor of the non-moving party. Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001). Nevertheless, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff's claim must be plausible on its face. Id. at 570; see also Acceptance Ins. Cos., Inc. v. United States, 583 F.3d 849, 853 (Fed. Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Here, Mr. Moore does not plead in the complaint any factual content identifying misconduct on the part of the United States or any federal government actor, much less factual content that would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When Mr. Moore alludes to a taking in his complaint, he fails to plead what action resulted in the taking or who performed that action. See Compl. at 1, 7. In other words, any allegation that the United States is liable for an uncompensated taking under the Fifth Amendment is not plausible on the face of Mr. Moore's complaint. He also fails to plead sufficient factual allegations to identify any other cause of action which could provide a basis for relief. For these reasons, Mr. Moore has failed to state a claim upon which relief can be granted and, accordingly, his complaint must be dismissed.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss is **GRANTED** and the complaint is **DISMISSED** without prejudice. Because the Court grants the government's motion to dismiss, the government's motion for a more definite statement is **DENIED** as moot. The Clerk is directed to enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge